Filed 05/20/24

VERMONT SUPERIOR COURT
Essex Unit
75 Courthouse Drive
Guildhall VT 05905
802-676-3910
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-03200

---

Sandra Kennedy v. Theresa Sterling

---

## FINDINGS, CONCLUSIONS, AND JUDGMENT

The present dispute came before the Court for a bench trial on May 17, 2024. Based on the evidence and testimony, the Court makes the following findings:[1]

Plaintiff Sandra Kennedy is the executor and beneficiary of the estate of Bradley Tatro. Mr. Tatro held a promissory note with a principal amount of $76,854.11 as of January 1, 2021 from Defendant Theresa Sterling. Ms. Kennedy also provided credible testimony that she had effectively purchased this note from Mr. Tatro and had been making payments to him for the right to receive the proceeds from this note. While this relationship was not formalized, there was evidence of Ms. Kennedy's payments and records consistent with this relationship.

While the loan of money to Ms. Sterling was initially tied to a rent-to-own scheme created by Mr. Bradley, the house was transferred outright by deed to Ms. Sterling in 2013, and no reservation of rights or mortgage had been executed to create or retain an interest in the property for Mr. Tatro.

By the terms of the promissory note, Mr. Tatro is entitled to an 8% rate of interest and attorney's fees for any dispute related to the collection of the note. As of the date of trial, Plaintiff's legal fees were $10,304.39 with legal costs of $498.76. These fees and costs are reasonable.

While the amount remaining on the promissory note is only $10,000 less than Defendant Sterling's purchase price, despite regular monthly payments, the evidence shows that the payments have been properly allocated between principal and mortgage according to an amortization table for the relevant periods.

---

[1] The Court also incorporates its oral findings made on the record into this Decision.

Order
22-CV-03200 Sandra Kennedy v. Theresa Sterling

Defendant Sterling stopped paying on the note at the end of 2020 and has not made any payments since January 2021. Nevertheless, Plaintiff is looking to calculate the rate of interest from March of 2021 forward. Upon Mr. Tatro's death, he bequeathed $2,000 to Ms. Sterling to use as she saw fit. Ms. Sterling has elected to apply it to the balance of her loan.

*Legal Analysis*

Based on the testimony, the Court concludes that Plaintiff Kennedy is the beneficial and actual owner of the promissory note, and the Court permitted Plaintiff's oral motion under V.R.C.P. 25 to substitute her as the Plaintiff in the present matter in lieu of the late Mr. Tatro's estate. The Court finds that Ms. Kennedy's claims flow through two sources. First, she has an equitable claim to the note through her agreements and payments to Mr. Tatro as supported by her testimony. Second, as the residual beneficiary of Mr. Tatro's estate, she is entitled to claim all assets of the estate not otherwise granted. The note, itself, does not limit assignment, and the probate estate has effectively assigned the note to Ms. Kennedy, and this Court will acknowledge the same.

The note itself is an unsecured promissory note. Plaintiff's request to have the property assigned to her lacks any legal or equitable basis and is denied.

The Court has also found that the promissory note to be a valid and enforceable note to which Plaintiff is entitled to a judgment and award for the amounts outstanding based on Defendant's failure to make timely payments as called for in the loan and resulting default.

This leaves the question of the amounts due and owning on this note. At this time, the Court finds that the balance on the note to be $76,854.11 minus the $2,000 bequest for an outstanding balance of **$74,854.11**. Under the terms of the loan, the lender is entitled to 8% interest annually. Given that no payments have been made from an agreed upon starting date of March 1, 2021, the Court calculates the amount of unpaid interest for the intervening 1,176 days to be: **$19,293.90**.

Finally, the Court having found the attorney's fees to be reasonable and allowable under the terms of the parties June 13, 2014 promissory note, the Court awards Plaintiff her attorney's fees in the amount of **$10,304.39** plus costs of **$498.76.**

## ORDER

Based on the evidence and conclusions, it is ORDERED and ADJUDGED that Plaintiff Sandra Kennedy shall have judgment against Defendant Theresa Sterling in the amount of **$74,854.11** in

unpaid principle and **$19,293.90** in prejudgment interest, and **$10,803.15** in attorney's fees and costs. The total judgment awarded to Plaintiff is **$104,951.16.** This decision constitutes the final judgment of the Court for purposes of V.R.C.P. 58.

Electronically signed on 5/19/2024 2:42 PM pursuant to V.R.E.F. 9(d)



_____
Daniel Richardson
Superior Court Judge


Electronically signed 5/19/2024 2:42 PMpursuant to V.R.E.F. 9(d)



_____
Hon. Kenn Stransky
Assistant Judge


Electronically signed 5/19/2024 2:42 PM pursuant to V.R.E.F. 9(d)

_____
Hon. Evan Hammond
Assistant Judge